Gunter, J.
Joseph Hirzel, the husband of appellant, owned certain real estate, part of which was a statutory homestead, also twenty shares of stock in a building and loan association. The husband and wife borrowed four thousand dollars of this association, giving their promissory note, and as security the above stock and a trust deed. This deed was admittedly a lien upon the above real estate and the homestead interest of appellant therein. Having become thereafter delinquent as to interest and taxes in the matter of the loan, they gave an additional trust deed to secure this delinquency. The latter deed was also a lien upon above real estate and the homestead interest of appellant therein. The parties having become *471 again delinquent as to taxes and interest in matter of the loan, had an accounting with the association and to cover the balance so ascertained, and in substitution of above note and trust deeds gave a new joint and several note, and as security a trust deed on the above premises and the homestead interest of appellant therein. By this instrument they jointly conveyed the premises to the trustee to secure their indebtedness ; they covenanted that at the time of making the deed they were well seized of the premises in fee and had good right and full power to convey the same, and that in case of sale by trustee his deed should be a perpetual bar against the trustors to all rights in the land covered by the trust deed. There was no fraud practiced upon appellant in securing her execution to this trust deed; she was advised of all her rights under the statute, and its formalities were observed in the execution of the deed, unless it was in the acknowledgment being taken before a stockholder of above association. By this defect, if one, appellant sustained no prejudice. Under our statute appellant was as competent as her husband to make the new note and the above representations and covenants contained in the trust deed. Through the association relying on the new trust deed being what appellant and her husband represented it to be — a trust deed conveying the real estate and every interest of appellant and her husband therein — the extension of the old loan was'secured, and the old trust deed substituted by the new trust deed. Having obtained this result appellant no-y asks the cancellation of the new trust deed as to her homestead right, contending' that the alleged irieompetency of the notary invalidated the trust deed. This relief' is' sought without offering to pay the debt, make good her cov *472 enants, or to reinstate the sécnritieS which were a lien npon her homestead substituted by the new'note and trust deed.
To state the facts is to decide the case.
A sufficient reason for denying the relief appellant seeks is, that he who asks equity must do equity.—Dillon v. Byrne, 5 Calif. 455; Rawley et al. v. Burris et al. (Tenn), 47 S. W. 176; Dixon et al. v. National L. & Inv. Co. (Tex.); 40 S. W. 541.

Affirmed.